UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x
In re COMSCORE, INC. SHAREHOLDER : Civil Action No. 1:16-cv-09855-JGK
DERIVATIVE LITIGATION :
                                                          : [~~PROPOSED~~] ORDER APPROVING
--------------------------------------------------------- : DERIVATIVE SETTLEMENT AND ORDER
                                                          : OF DISMISSAL WITH PREJUDICE
This Document Relates To:                                 :
                                                          :
    ALL ACTIONS.                                          :
                                                          :
--------------------------------------------------------- x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/2018

1425848_1

This matter came before the Court for hearing pursuant to Plaintiffs' Motion for Final Approval of the Derivative Settlement ("Settlement") set forth in the Stipulation of Settlement, dated January 31, 2018 (the "Stipulation"). Due and adequate notice having been given of the Settlement, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This District Court Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. The Court finds that the notice provided to comScore shareholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

3. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Federal Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As among Plaintiffs, the Individual Defendants and comScore, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, comScore, comScore shareholders, and the Plaintiffs (acting on their own behalf and derivatively on behalf of comScore) shall be deemed to have,

and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, discharged, and dismissed with prejudice the Released Claims against the Released Persons and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement, or resolution of the Actions; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6.  Upon the Effective Date, comScore, comScore shareholders, and the Plaintiffs (acting on their own behalf and derivatively on behalf of comScore and its shareholders) shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.  Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel, comScore, and all current comScore shareholders (solely in their capacity as comScore shareholders) from all claims (including Unknown Claims, whether brought derivatively or directly) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of the Stipulation or any Individual Defendants' claims or rights to indemnification and attorneys' fees or expenses as described in the Stipulation.

8. The Court hereby approves the Fee Award in accordance with the Stipulation and finds that such fee is fair and reasonable. Pursuant to Section 3(a)(10), *of the Securities Act* the Court finds that by virtue of the Court's approval of the Settlement, the issuance of the Settlement shares by comScore for distribution to Plaintiffs' Counsel shall be without registration under the Securities Act in reliance upon the exemption under Section 3(a)(10) *of the Securities Act* thereto.

*JGK.*

9. Neither the Stipulation nor the Settlement, including any Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission or evidence of the validity of any Released Claims, or of any fault, wrongdoing or liability of any Released Person or comScore, or (b) is or may be deemed to be or may be used as a presumption, admission or evidence of, any liability, fault or omission of any of the Released Persons or comScore in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal or other forum, or (c) is or may be deemed to be construed, offered, or received in evidence as an admission, concession or presumption against Plaintiffs that any of their claims are without merit, or that any defenses asserted by the Individual Defendants have any merit. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Plaintiffs or any of the Released Persons may file or use the Stipulation, the District Court Approval Order and/or the Judgment in any action or proceeding that may be brought by or against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense, claim, or counterclaim.

10. During the course of the Federal Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar state law provisions, including, but not limited to, Va. Code 8.01-271.1.

11. Without affecting the finality of this District Court Approval Order and the Judgment in any way, this Court hereby retains continuing jurisdiction over the Federal Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement and enforce the Stipulation and the Settlement provided for therein and the provisions of this District Court Approval Order.

12. This District Court Approval Order and the Judgment is a final and appealable resolution in the Federal Action as to all claims and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure, dismissing the Federal Action with prejudice.

IT IS SO ORDERED.

DATED: 6/7/18

THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE